[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11552
Non-Argument Calendar
_____

Agency No. A79-451-245

MOHAMMAD REZA OMIDIAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 11, 2009)

Before BIRCH, CARNES, and HULL, Circuit Judges.

PER CURIAM:

Mohammad Reza Omidian, a citizen of Iran, petitions for review of the

Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge

("IJ")'s denial of his motion to vacate and reopen a 2006 removal order entered

against him in absentia. In his petition, Omidian contends that he did not appear

for his removal hearing because oral warnings about the consequences of failing to

appear were read to him in English instead of his native language. He did not raise

this argument in front of the BIA. Omidian also argues that his removal

proceeding should have been automatically stayed pending the outcome of his

petition.[1] We dismiss his petition in part and deny it in part.

We review de novo our subject matter jurisdiction, and we lack jurisdiction

to consider a claim that was not raised before the BIA. Amaya-Artunduaga v. U.S.

Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Although properly filed

motions to reopen a removal order entered in absentia trigger automatic stays of

deportation while those motions are being reviewed by an IJ or in "any properly

filed administrative appeal," 8 C.F.R. § 1003.23(b)(4)(iii)(C) (emphasis added),

petitions for review of removal orders filed in this Court do not have the same

result. Weng v. U.S. Att'y Gen., 287 F.3d 1335, 1336 (11th Cir. 2002). We have

discretion to order such a stay, however, if an alien demonstrates "by clear and

---

[1] Omidian also offers brief, undeveloped arguments that (1) his hearings in front of the IJ were procedurally insufficient and (2) the BIA erred by failing to consider various procedural deficiencies in the treatment of his political asylum application. We do not consider these arguments because "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned." Sepulveda v. U.S. Att'y Gen., 378 F.3d 1260, 1262 n.1 (11th Cir. 2004).

convincing evidence that the entry or execution of [an order for his removal] is prohibited as a matter of law." Id. at 1337 (internal quotation marks omitted).

Omidian did not raise his argument about the language of the oral warnings before the BIA[2]; thus, we do not have jurisdiction over that part of his petition. During our earlier consideration of Omidian's motion to stay his removal, we noted that he had not met the "clear and convincing evidence" standard required by Weng. Nothing in his petition cures that failure, so we deny the part of his petition based on that issue.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[2] We note that Omidian has not gone the extra step of asserting in his petition that he did not understand the warnings given in English, which is likely because—as he admits in his application for asylum and withholding of removal—he is a fluent English speaker.